**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEAFFILTER NORTH, LLC, *et al*., | ) | CASE NO. 5:26-cv-00044 |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFFS' MOTION FOR** |
| CURTIS MARSHALL, | ) | **EXPEDITED DISCOVERY** |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiffs LeafFilter North, LLC ("LeafFilter"), Leaf Home, LLC ("Leaf Home"), and LeafFilter Management Aggregator, LLC ("Leaf Management") (collectively, the "Leaf Entities") move this Court for an Order granting expedited discovery in this matter. Specifically, the Leaf Entities request that the Court require Defendant Curtis Marshall ("Marshall") to respond to Plaintiffs' Expedited First Set of Interrogatories and Requests for Production of Documents and Things within ten (10) days of the Court's Order. The Leaf Entities further request that the Court require Marshall to make himself available for deposition prior to the evidentiary hearing on the Leaf Entities' Motion for Preliminary Injunction.

A Memorandum of Law in Support of this Motion and a Proposed Order granting the requested relief are attached and incorporated by reference.

Respectfully submitted,

/s/Joseph N. Gross
Joseph N. Gross (0056241)
Lyndsay M. Flagg (0099248)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  jgross@beneschlaw.com
        lflagg@beneschlaw.com

*Attorneys for Plaintiffs LeafFilter North, LLC,*
*Leaf Home, LLC and LeafFilter Management*
*Aggregator, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEAFFILTER NORTH, LLC, *et al*., | ) CASE NO. 5:26-cv-00044 |
| | ) |
| Plaintiffs, | ) JUDGE |
| | ) |
| v. | ) **MEMORANDUM IN SUPPORT OF** |
| | ) **PLAINTIFFS' MOTION FOR** |
| CURTIS MARSHALL, | ) **EXPEDITED DISCOVERY** |
| | ) |
| Defendant. | ) |

Plaintiffs LeafFilter North, LLC ("LeafFilter"), Leaf Home, LLC ("Leaf Home"), and LeafFilter Management Aggregator, LLC ("Leaf Management") (collectively, the "Leaf Entities") initiated this action by filing a Verified Complaint for Injunctive Relief and Money Damages, asserting claims for breach of contract and misappropriation of trade secrets against Defendant Curtis Marshall ("Marshall").

Marshall is a signatory to multiple agreements executed in the course of his employment with the Leaf Entities. The agreements contain non-competition, non-solicitation, non-use, and non-disclosure restrictive covenants for the duration of Marshall's employment with the Leaf Entities or the duration of time he holds equity and for a limited, reasonable amount of time thereafter. Despite these contractual obligations, Marshall voluntarily resigned from his employment with the Leaf Entities and promptly began working for Premier Home Pros, LLC ("Premier"), which competes with the Leaf Entities directly and indirectly through their affiliates.

During his employment with the Leaf Entities as the Senior Vice President, Marshall was privy to the Leaf Entities' confidential and proprietary information and trade secrets, including their past, present, and prospective customers, clients, and business relationships, business affairs, products, services, supplier lists, fees, costs, pricing structures, accounting and business methods,

production methods, processes, technology, business strategies, acquisition plans, performance data, and other processes and information (the "Trade Secrets").

Marshall is now employed as Premier's Chief Sales Officer, and in this role, Marshall will actively compete with the Leaf Entities. Indeed, prior to resigning from his position with the Leaf Entities, Marshall accessed, modified, and downloaded to an external device, hundreds of files maintained on the Leaf Entities' internal systems. The files contain the Leaf Entities' Trade Secrets, and Marshall accessed, modified, and downloaded these files in violation of his restrictive covenant obligations. As Premier's Chief Sales Officer, Marshall will inevitably solicit the Leaf Entities' customers, unfairly compete with the Leaf Entities, and use and disclose the Trade Secrets that he acquired during his affiliation with the Leaf Entities, in breach of his restrictive covenants and applicable federal and state law.

The Leaf Entities are now seeking preliminary injunctive relief to further prevent irreparable harm to their legitimate business interests. The Leaf Entities require expedited discovery to timely obtain the information necessary to prosecute their request for injunctive relief. The Federal Rules of Civil Procedure afford courts broad discretion in authorizing such expedited discovery. *See*, *e.g.* Fed. R. Civ. P. 26(d) (recognizing that, while generally "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a court may allow expedited discovery by court order); Fed. R. Civ. P. 33(B), 34(B) (calling for responses to be supplied within thirty (30) days or within a shorter period of time "ordered by the court.").

Further, "[c]ourts in the Sixth Circuit have held that expedited discovery is appropriate upon a showing of 'good cause' that is found 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Nat'l City Corp. v. Boyd*, No. 1:08-CV-2189, 2008 U.S. Dist. LEXIS 117090 at *2 (N.D. Ohio

Sept. 17, 2008) (citing *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 U.S. Dist. LEXIS 97283 at *2 (S.D. Ohio Nov. 5, 2007)).

In addition, courts in the Sixth Circuit routinely allow expedited discovery when a plaintiff seeks injunctive relief due to the expedited nature of the proceedings. *Ramsey v. Formica Corp*., 398 F.3d 421, 423 (6th Cir. 2005) (recognizing that expedited discovery took place in preliminary injunction proceedings); *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 U.S. Dist. LEXIS 200651 at *5 (S.D. Ohio Apr. 22, 2013) ("[T]his Court has granted expedited discovery where 'the requested discovery is limited and narrowly tailored to this issue central to Plaintiffs' requested injunction relief.'") (citation omitted)).

Here, the Leaf Entities have moved this Court for a temporary restraining order and preliminary injunction prohibiting Marshall from violating his restrictive covenants and from disclosing the Leaf Entities' trade secrets. Expedited discovery is necessary to allow the Leaf Entities to gain the evidence required to support the granting of preliminary injunctive relief and so that the Court may render a decision on the merits. It is not unreasonable, in light of the facts of this case, for Marshall to be required to expend the effort to respond, on an expedited basis, to Plaintiffs' First Set of Expedited Interrogatories and Requests for Production of Documents and Things, attached hereto as **Exhibit A**. Likewise, it is reasonable to make Marshall available for deposition so that the Leaf Entities may question Marshall on the information produced in discovery prior to the preliminary injunction hearing so that the Leaf Entities may learn the full extent of Marshall's unfair competitive activities and knowledge of the Leaf Entities' trade secrets.

In sum, fundamental fairness requires that the Leaf Entities be allowed to promptly develop the evidence necessary to prosecute their request for injunctive relief, which is squarely directed at Marshall's wrongful conduct that threatens to irreparably harm the Leaf Entities' business.

Accordingly, the Leaf Entities request that this Court grant its foregoing Motion for Expedited Discovery.

Respectfully submitted,

/s/Joseph N. Gross
Joseph N. Gross (0056241)
Lyndsay M. Flagg (0099248)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  jgross@beneschlaw.com
        lflagg@beneschlaw.com

*Attorneys for Plaintiffs LeafFilter North, LLC, Leaf Home, LLC and LeafFilter Management Aggregator, LLC*

4

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEAFFILTER NORTH, LLC, *et al*., | ) | CASE NO. 5:26-cv-00044 |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | **PLAINTIFFS' EXPEDITED FIRST SET** |
| | ) | **OF INTERROGATORIES AND** |
| CURTIS MARSHALL, | ) | **REQUESTS FOR PRODUCTION OF** |
| | ) | **DOCUMENTS AND THINGS TO** |
| Defendant. | ) | **DEFENDANT CURTIS MARSHALL** |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiffs LeafFilter North, LLC, Leaf Home, LLC, and LeafFilter Management Aggregator, LLC, by and through counsel, hereby propound Plaintiffs' Expedited First Set of Interrogatories and Requests for Production of Documents and Things ("Discovery Requests") upon Defendant Curtis Marshall. Answers and responses shall be sent within ten (10) days of the Court's order granting expedited discovery to Joseph N. Gross and Lyndsay M. Flagg, attorneys for Plaintiffs, at Benesch, Friedlander, Coplan & Aronoff LLP, 127 Public Square, Suite 4900, Cleveland, Ohio 44114-2378.

## **DEFINITIONS**

1.      The terms "You," "Your," "Marshall," and "Defendant" shall mean Defendant Curtis Marshall.

2.      The term "Premier" shall mean Premier Home Pros, LLC.

3.      The term "LeafFilter" shall mean Plaintiff LeafFilter North, LLC.

4.      The term "Leaf Home" shall mean Plaintiff Leaf Home, LLC.

5.      The term "Leaf Management" shall mean Plaintiff LeafFilter Management Aggregator, LLC.

6.      The terms "Leaf Entities" and "Plaintiffs" shall mean Plaintiffs LeafFilter, Leaf Home, and Leaf Management, collectively.

7.      The term "Lawsuit" shall refer to the Verified Complaint for Injunctive Relief and Money Damages captioned *LeafFilter North, LLC, et al., v. Curtis Marshall*, presently pending in the United States District Court for the Northern District of Ohio, Eastern Division.

8.      The term "Trade Secrets" shall mean information concerning the Leaf Entities' business development plans and strategies, sales plans and strategies, marketing plans and strategies, product and service plans and strategies, financial plans, financial records and ledgers, pricing lists, pricing margins, prospective customer leads, customer lists, customer contract details, employment and independent contractor records, training information, and other processes and techniques.

9.      The term "Agreements" shall mean the Employment Agreement, the Joinder to the LeafFilter Management Aggregator, LLC Limited Liability Company Agreement, the LeafFilter Management Aggregator, LLC Limited Liability Company Agreement, the RSU Award, and the PSU Award that Marshall executed incidental to his employment with the Leaf Entities.

10.     The term "Document" shall mean the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including, without limitation, letters, correspondence, memoranda, notes, notices, records, phone records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, telephone conversations and calls, memoranda of telephone conversations and calls, memoranda of conferences, interoffice, interdepartmental and intercorporate memoranda, communications, correspondence, computer generated email communications including those that are archived and/or stored on a backup system, solicitations

for and/or requests for quotation, quotations, purchase orders, purchase agreements, invoices, minutes of meetings of shareholders or directors, minutes of meetings of various committees, business records, and all other writings, text and instant messages, typings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes or other media of whatever type or format, computer data, and/or charts in the possession, custody, and/or control of Marshall.

11.    The term "Communication(s)" shall mean any manner of transmitting or receiving information, opinions, or thoughts, whether orally, in writing, or otherwise, including, but not limited to, conversations (face-to-face, by telephone, etc.), correspondence, emails, text and instant messages, memoranda, facsimiles, telegrams, telecopies, and releases.

12.    The term "Person" shall mean all natural persons, firms, partnerships, associations, corporation, and any other entity.

13.    The term "Representative" shall mean all officers, directors, agents, employees, independent contractors, partners, attorneys, and consultants.

14.    The term "Identify" when used in connection with a "Document" requires a statement of the Date of the Document, the general nature and description of the Document, the subject matter of the Document, the name of the Person who prepared such Document, the name of the Person who signed such Document, the name of the Person to whom such Document was addressed and/or forwarded, and the name and address of the Person having the custody and/or control of such Document or a copy thereof if an original is not available.

15.    The term "Identify" when used in connection with a "Person" requires a statement of the Person's complete name, present or last known address, present or last known employer, present or last known address of the employer, and position with his or her employer.

16.     The term "Identify" when used in connection with a "Communication" requires a statement regarding the Date of the Communication, the general nature and description of the Communication, the subject matter of the Communication, and the name of the Person or Persons who engaged in the Communication.

17.     The term "Concerning" shall mean relating to, referring to, describing, evidencing, setting forth, or constituting.

18.     The term "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

## INSTRUCTIONS

1.     These Discovery Requests shall be updated and supplemented so as to maintain the same in a complete and accurate manner and on a seasonable basis.

2.     If Marshall objects to any of the Discovery Requests on any ground, Marshall shall set forth in detail all reasons therefor. If any information or Document responsive to any of the Discovery Requests is being withheld based on a claim of privilege, Marshall shall produce a privilege log describing generally the information or Document withheld, the nature of and factual basis for the claim of privilege and the Person upon whose behalf it is claimed, and the identity of all Persons who have or have had access, or purport to have or have had access, to the information or Document.

3.     If Marshall is unable to answer or respond to any of the following Discovery Requests in full after exercising due diligence to secure the information or Document to do so, the answer or response shall so state and Marshall shall answer or respond to the extent possible, specifying the reason for the inability to answer or respond to the remainder of the Discovery

Request and providing whatever information or Document is available Concerning the unanswered or unresponded to portion of the Discovery Request.

4.      No answer or response is to be left blank. If an answer or response to any of these Discovery Requests or a subsection thereof is "none" or "unknown," the word "none" or "unknown" must be written in the answer or response. If an answer or response is inapplicable, "N/A" must be written in the answer or response.

5.      To bring within the scope of these Discovery Requests any conceivably relevant matters which might otherwise be construed to be outside the scope:

a.      The singular of each word shall be construed to include its plural and vice versa;

b.      "And" as well as "or" shall be construed both conjunctively and disjunctively;

c.      "Each" shall be construed to include "every" and vice versa;

d.      "Any" shall be construed to include "all" and vice versa;

e.      The present tense shall be construed to include the past tense and vice versa; and

f.      The masculine shall be construed to include the feminine and vice versa.

## **INTERROGATORIES**

**Interrogatory No. 1:** Identify the Documents You reviewed in preparing the answers and responses to these Discovery Requests and the Documents reviewed by each and every Person with whom You consulted or upon whom You relied or who otherwise constituted a source of information for You in connection with the preparation of Your answers and responses to these Discovery Requests, listing with respect to each and every Document the Discovery Request to which such Document has relevance.

        **ANSWER:**


**Interrogatory No. 2:** Identify all Representatives of Premier with whom You communicated regarding potential employment from January 1, 2024, to the present.

        **ANSWER:**

**Interrogatory No. 3:** Identify any Communication between You and any Representative of Premier Concerning possible employment from January 1, 2024, to the present.

    **ANSWER:**

**Interrogatory No. 4:** Identify any Communication between You and any Representative of Premier Concerning Your acceptance of employment with Premier in 2024 and the rescission or withdrawal of any offer of employment with Premier in 2024.

    **ANSWER:**

**Interrogatory No. 5:** State whether You have entered into any oral or written agreement, including but not limited to any employment, equity, or restrictive covenants with Premier and, if so, Identify the Date of any such agreement and state whether such agreement is written or oral.

    **ANSWER:**

**Interrogatory No. 6:** Identify any Document received from any Representative of Premier Concerning Your employment with Premier.

    **ANSWER:**

**Interrogatory No. 7:** Identify any Communication between You and any Representative of Premier Concerning the Leaf Entities at any time prior to or since Your resignation of employment from the Leaf Entities.

    **ANSWER:**

**Interrogatory No. 8:** Identify any Communications between You and any Representative of Premier Concerning the Agreements, including the Date of such Communications.

    **ANSWER:**

**Interrogatory No. 9:** Identify any Communication between You and any Representative of Premier Concerning the Leaf Entities' Trade Secrets.

**ANSWER:**

**Interrogatory No. 10:**    Identify any Document You provided to any Representative of Premier Concerning the Leaf Entities prior to or since Your resignation of employment from the Leaf Entities.

**ANSWER:**

**Interrogatory No. 11:**    Identify any Document in Your possession or control Concerning the Leaf Entities, and the means by which such Document came into Your possession or control.

**ANSWER:**

**Interrogatory No. 12:**    Identify any marketing, sales, or growth plans, analyses, projects, or other processes and techniques that You designed, developed, or drafted, whether individually or with Representatives of Premier, since the Date that You began working for Premier.

**ANSWER:**

**Interrogatory No. 13:**    Identify any Communication between You and any current Representative of the Leaf Entities since January 1, 2026.

**ANSWER:**

**Interrogatory No. 14:**    Identify any Communication between You and any current, former, or prospective customer of the Leaf Entities since Your resignation of employment from the Leaf Entities.

**ANSWER:**

**Interrogatory No. 15:**    Identify all personal devices and accounts, including but not limited to any cell phones, computers, tablets, email accounts, and phone numbers, that You have used since March 1, 2024, until the present.

**ANSWER:**

**Interrogatory No. 16:**      Identify every court action and arbitration, disciplinary, administrative, agency, or regulatory hearing or proceeding, whether civil, criminal, or otherwise, in which You are or were a party or claimant, or for which You provided testimony under oath, whether before a local, state, or federal court, governmental agency, commission, arbitration forum, regulatory or self-regulatory organization, or otherwise.

    **ANSWER:**

**Interrogatory No. 17:**      Identify any Person You believe possesses knowledge or information Concerning the claims set forth in the Lawsuit, and state with specificity the substance of each Person's knowledge or information.

    **ANSWER:**

**Interrogatory No. 18:**      Identify any Person You intend to call as a fact witness at a preliminary injunction hearing in this action and describe the subject matter on which each Person will testify.

    **ANSWER:**

**Interrogatory No. 19:**      Identify any Person You intend to call as an expert witness at a preliminary injunction hearing in this action and describe the subject matter on which each Person will testify.

    **ANSWER:**

## REQUESTS FOR PRODUCTION

**Production Request No. 1:**  Any Document You identified in Your answers to the Interrogatories.

    **RESPONSE:**

**Production Request No. 2:**  Any Document that You currently possess Concerning the Leaf Entities.

**RESPONSE:**

**Production Request No. 3:**  Any Document Concerning the Leaf Entities that You provided to Premier.

**RESPONSE:**

**Production Request No. 4:**  Any Document that Premier provided to You.

**RESPONSE:**

**Production Request No. 5:**  Any Document or Communication between You and any Representative of Premier Concerning the Agreements.

**RESPONSE:**

**Production Request No. 6:**  Any Document Concerning any marketing, sales, or growth plans, analyses, projects, or other processes and techniques that You designed, developed, or drafted, whether individually or with Representatives of Premier, since the Date that You began working for Premier.

**RESPONSE:**

**Production Request No. 7:**  Any Document Concerning any agreement, whether written or oral, between you and Premier.

**RESPONSE:**

**Production Request No. 8:**  Any Communication between You and any Representative of Premier Concerning possible employment from January 1, 2024, until the present.

**RESPONSE:**

**Production Request No. 9:** Any Document or Communication between You and any Representative of Premier Concerning Your acceptance of employment with Premier in 2024 and the recession or withdrawal of any offer of employment with Premier in 2024.

    **RESPONSE:**

**Production Request No. 10:** Any Communication between You and any Representative of Premier from January 1, 2024, until the present.

    **RESPONSE:**

**Production Request No. 11:** Any Document Concerning any salary, compensation, renumeration, equity, or benefits You currently receive from Premier.

    **RESPONSE:**

**Production Request No. 12:** Any Communication between You and any Representative of Premier Concerning the Leaf Entities prior to or since Your resignation of employment from the Leaf Entities.

    **RESPONSE:**

**Production Request No. 13:** Any Communication between You and any Representative of Premier Concerning the Leaf Entities' Trade Secrets prior to or since Your resignation of employment from the Leaf Entities.

    **RESPONSE:**

**Production Request No. 14:** Any Document You provided to any Representative of Premier Concerning the Leaf Entities' Trade Secrets at any time prior to or since Your resignation of employment from the Leaf Entities.

    **RESPONSE:**

**Production Request No. 15:** Any Communication Concerning current, former, or prospective customers of the Leaf Entities with whom You have communicated since the Date that You began working for Premier.

**RESPONSE:**


**Production Request No. 16:** Any Communication between You and any current Representative of the Leaf Entities since January 1, 2026.

**RESPONSE:**


**Production Request No. 17:** Any recordings, data, correspondence, and other Documents (including, but not limited to email, social media, and other electronically stored information) in any medium that relate in any way to the allegations contained in the Lawsuit.

**RESPONSE:**


**Production Request No. 18:** Produce for imaging the hard drive of all computers and smart phones in Your possession or control that You used or may have used during the period of January 1, 2024 through the present.

**RESPONSE:**


**Production Request No. 19:** Produce for imaging any flash drive, USB, external hard drive or other electronic information storage device in Your possession or control that You used or may have used during the period of December 15, 2025 through the present.

**RESPONSE:**


**Production Request No. 20:** Any agreements Concerning Your representation in the Lawsuit.

**RESPONSE:**


**Production Request No. 21:** Any Document that You plan to use as an exhibit at a preliminary injunction hearing in this action.

**RESPONSE:**

**Production Request No. 22:** Any Document that relates to any Person You intend to call as an expert witness at a preliminary injunction hearing in this action, including but not limited to, the expert's curriculum vitae and report and all Documents You provided to the expert.

       **RESPONSE:**


**Production Request No. 23:** All Documents or Communications not otherwise produced that relate in any way to the allegations contained in the Lawsuit.

       **RESPONSE:**

Respectfully submitted,

*/s/ Joseph N. Gross*
Joseph N. Gross (0056241)
Lyndsay M. Flagg (0099248)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:   216.363.4588
Email:  jgross@beneschlaw.com
      lflagg@beneschlaw.com

*Attorneys for Plaintiffs LeafFilter North, LLC, Leaf Home, LLC and LeafFilter Management Aggregator, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Plaintiffs' Expedited First Set of Interrogatories and Requests for Production of Documents and Things to Defendant Curtis Marshall* was served via the court's e-filing service. A copy was also delivered via email to known counsel for Defendant at the following:

Todd F. Palmer
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
TPalmer@Calfee.com

/s/  *Joseph N. Gross*
Joseph N. Gross

*One of the Attorneys for Plaintiffs*

13

28071122